# Fox Estate *v.* Colonial Trust Company, Appellant.

*Railroads—Condemnation proceedings—Bonds—Statement of claim—Affidavit of defense—Parties.*

1. A provision in a bond given in railroad condemnation proceedings to pay the obligee such damages "as shall have been agreed upon by the parties" refers not to the parties to the bond, but to the parties interested in the land and the assent of the surety on the bond to a compromise of the damages is not necessary to render the surety liable on default of the railroad company to pay.

2. In an action upon a bond given in condemnation proceedings where the statement of claim sets up an agreement between an individual and the railroad company by which the company was to pay the individual a certain sum of money upon delivering to the company a deed for the land, a release of damages, and a power of attorney by the parties owning the land to the individual to deliver the release on receipt of the amount agreed upon, and the statement of claim avers that all of these papers were tendered to the company, an affidavit of defense is insufficient which merely avers that the obligees in the bond, except the individual named, never agreed upon the damages.

Argued Oct. 24, 1910. Appeal, No. 40, Oct. T., 1910, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1909, No. 318, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thomas Fox Estate, Mary A. Ziegler, James T. Fox et al., children and heirs at law of Thomas Fox, deceased, v. Colonial Trust Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

SHAFER, J., filed the following opinion:

The action is upon a joint and several bond made by a railroad company and, as surety, by a trust company, which it is admitted was afterward merged in the defend-

ant company, and is made to "Thomas Fox Estate of Greentree Borough." The bond recites the location of the railway company's railway upon land belonging to the heirs of Thomas Fox, and the condition of the bond is to pay to the obligee, its heirs and assigns, "such damages accruing by reason of the entry . . . . as shall have been agreed upon by the parties, or as may be awarded in proceedings to ascertain said damages according to the Acts of Assembly."

The affidavit of claim sets out the names of the heirs of Thomas Fox, being the persons designated by the term "Thomas Fox Estate" in the bond; that the railway company entered upon the land under its condemnation proceedings, but before any viewers were appointed all the parties to these proceedings, and all the parties in interest, agreed upon the amount of damages accruing to plaintiffs by reason of the appropriation, the agreement being in writing and copy attached to the affidavit. An inspection of this paper shows that it is an agreement between James T. Fox and the railway company, which it is admitted is the successor of the original railway company, by which it is agreed that the railway company will pay to Fox a certain sum of money upon his delivering to the railway company a sufficient deed for the easement of the right of way condemned, a release of the railway company from all damages arising in any way out of the location, maintenance and operation of the railroad, and a power of attorney by the same parties to James T. Fox to deliver the release and receive the damages agreed upon. It is further alleged that these papers were tendered to the railway company and that the railway company neglected or refused to pay.

The affidavit of defense sets up that the damages never were agreed upon as provided in the condition of the bond, inasmuch as the surety company never agreed to same, nor was it consulted with regard to the agreement set up; and further that the obligees in the bond, with the exception of James T. Fox, never agreed upon the damages

referred to in the condition; that the only agreement ever made was the written agreement made by James T. Fox, exhibit "B" of the statement of claim; that the refusal to pay was by the receiver of the railway company and not by the railway company itself.

As to the allegation that the defendant surety on the bond had not agreed upon the damages, we are clearly of the opinion that the expression in the condition "agreed upon by the parties or as may be awarded in proceedings," does not refer to the parties to the bond, but to the parties interested in the land, and that therefore it is not material whether the defendant agreed to the damages or not. The allegation that the obligees in the bond, except James T. Fox, never agreed upon the damages is more material. If the affidavit of claim contained no more than an allegation that an agreement was made the denial above stated would undoubtedly be sufficient, but the affidavit of claim avers that a deed, release, and power of attorney to Fox to deliver the release upon the receipt of the amount agreed upon, was executed by all the parties in interest and placed in the hands of Fox to be delivered, and this is not denied. The necessary inference from this fact is that the parties agreed to settle their differences with the railroad in the manner set out in the affidavit of claim, and it can make no difference whether they did this by direct agreement with the railroad, by writing or otherwise, or authorized Fox to agree, or afterward ratified an agreement made by him. The denial of an agreement is therefore argumentative, or an inference of law that the facts set out in the affidavit of claim did not amount to an agreement. It appearing that the railway company is in the hands of a receiver it would seem that a demand upon the company itself would be useless, and that the proper person to tender to and make demand of was the receiver.

In the supplemental affidavit of defense it is alleged that $314 of the amount claimed for was in fact for damages arising from the construction of the railway company's railway through other lands not described in the

bond or covered by the appropriation upon which the bond was given, and the rule for judgment excludes this item.

Except as to this item of $314, we are of opinion that the affidavit does not present a good defense, and the rule is made absolute for the sum claimed except the item of $314 above mentioned.

*Error assigned* was the order of the court.

*Charles F. C. Arensberg,* of *Patterson, Sterrett & Acheson,* for appellant.

*Clarence Burleigh,* with him *William A. Challener,* for appellees, were not heard.

PER CURIAM, January 3, 1911:

The judgment is affirmed on the opinion of Judge SHAFER.